**UNITED STATES ex rel. Cuthbert EAST-MAN, Petitioner,**

v.

**Edward M. FAY, Warden, Greenhaven State Prison, Stormville, New York, Respondent.**

United States District Court
S. D. New York.

Sept. 18, 1961.

THOMAS F. MURPHY, District Judge.

This is an application for a writ of habeas corpus by a state prisoner claiming that he is presently imprisoned in violation of his constitutional rights. The petition filed by the prisoner omitted mention of certain material facts and for the want thereof it was impossible to determine whether or not the court should entertain the application. Consequently, we directed the Attorney General of the State of New York to submit an affidavit in opposition to the petition, and subsequently petitioner filed his reply thereto. From the above-mentioned papers it is apparent that no hearing will be necessary since there is presented, at best, only a question of law. That question we have resolved against the petitioner.

Briefly, the facts are as follows: On June 8, 1955, during the trial of petitioner upon an indictment for violation of the narcotics laws of New York State, a mistrial was declared upon motion of defense counsel in which petitioner joined. Thereafter, on November 3, 1955, the same court granted the defendant's motion to dismiss the indictment but with permission to the district attorney to submit the matter to another grand jury. The order dismissing the indictment was signed and entered on November 14, 1955. On November 9, 1955, however, the same matter had been resubmitted to the grand jury and the indictment found upon which petitioner was ultimately convicted, and for which conviction he is presently incarcerated. His notice of appeal from his conviction was dismissed for lack of prosecution.

Petitioner sought his release in September, 1959, by applying for a writ of habeas corpus to the New York State Supreme Court, Albany County. The writ was issued but later dismissed upon presentation by the respondent of a certified copy of the order of the trial court showing that the resubmission to the grand jury, contrary to the contention of petitioner, was at the direction and upon the order of the trial court. That action was affirmed on appeal to the Appellate Division of the Supreme Court, 3rd Dept. (People ex rel. Eastman v. LaVallee, 12 A.D.2d 550, 206 N.Y.S.2d 834). Leave to appeal to the New York Court of Appeals was denied, (9 N.Y.2d 609, 210 N.Y.S.2d 1025, 172 N.E.2d 293), as was certiorari by the United States Supreme Court. 366 U.S. 966, 81 S.Ct. 1928, 6 L.Ed.2d 1257.

The grounds for Federal Habeas Corpus asserted by petitioner are (1) that prior to dismissal of the first indictment the matter was resubmitted to the grand jury without an order, and that therefore, the second indictment is a nullity, and (2) double jeopardy.

Respondent concedes that the merits of the petition were reached, and decided adversely to petitioner, by the New York Supreme Court and the Appellate Divi-

sion thereof. Respondent feels, however, that it is at least doubtful whether the New York Court of Appeals reached the merits, suggesting that it might have denied leave to appeal on the ground that petitioner had invoked an improper procedure in raising the question of former jeopardy. We will nevertheless assume a proper exhaustion of state remedies.

 It is plain enough and hardly needs citation of authority to hold that, as a matter of law, a mistrial granted on defendant's motion will not preclude a subsequent retrial for the same offense as in contravention of the guarantee against double jeopardy. There was, therefore, no constitutional impediment to petitioner's retrial because of the declared mistrial. Indeed, petitioner does not quarrel with that proposition. He contends, however, that the dismissal of the first indictment, ipso facto, rendered him immune to a second prosecution for the offense underlying that dismissed indictment. He relies for that proposition on state law, Section 430 of the New York Code of Criminal Procedure. That statute, part of Chapter II, Title 7, entitled "Conduct of the Jury, after the cause is submitted to them," relates to cases where a defendant is discharged from an indictment "during the progress of the trial" and is inapposite here, for petitioner was not so discharged. The dismissal of the indictment was not during the trial but intermediate the mistrial and the retrial. The only trouble here with the second trial for the same offense, if any there be, is that it was upon a new and subsequent indictment. The legality of that second indictment, as it is questioned by petitioner, involves merely a technicality, viz., that although the prosecution was granted leave to resubmit to the grand jury (expressed in the memorandum opinion of the court which granted defendant's motion to dismiss the first indictment) there was no "order" to that effect. And the order dismissing the first indictment was not signed by the judge until several days after the second indictment was found. That technical legal issue was considered by the State Supreme Court and the Appellate Division thereof and resolved against petitioner. We discern no denial of any fundamental constitutional rights to petitioner in the procedure of which he complains, even if it were irregular under state law. In short, we find no basis existing here for the issuance of the writ and, accordingly, the application is denied.

This is an order. No settlement is necessary.